IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALPHONSO MYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-10-866-C |
| ) | |
| KNIGHT PROTECTIVE SERVICE, INC., ) | |
| and WILLIAM THOMPSON, an ) | |
| individual, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff filed this action following his termination from employment with Defendant Knight Protective Service, Inc. ("KPS"). Plaintiff alleges his termination was in violation of various federal and state laws which prevent discrimination. Plaintiff also asserts the torts of Interference with Economic Relationships and Malicious Wrong. Defendant KPS filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging Plaintiff's Complaint fails to adequately plead a claim for relief, as Oklahoma law does not permit a claim for Interference with Economic Relationships or Malicious Wrong under the facts as they exist in this case.

The parties argue over the adequacy of the factual allegations raised by Plaintiff in his Complaint. Defendant points to the Supreme Court's recent rulings in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009), and their progeny to argue Plaintiff's factual allegations are insufficient to state a

claim. The Court finds the factual allegations sufficient but the existence of legal support for the pleading to be at issue.

1. Interference with Business Relationship

Plaintiff alleges that Defendant Thompson, as his supervisor, acted in a manner which interfered with Plaintiff's business relationship with KPS. Plaintiff further asserts that KPS is liable for Thompson's wrongdoing because it aided Thompson by granting him the power as Plaintiff's supervisor. Defendant KPS seeks dismissal, arguing Oklahoma does not recognize the tort against someone who is not a stranger to the contract. Plaintiff argues that Oklahoma does recognize his claim and directs the Court to Fulton v. People Lease Corp., 2010 OK CIV APP 84, 241 P.3d 255. However, Fulton does not reach as broadly as argued by Plaintiff. First, the court in Fulton reaffirmed the general proposition of Oklahoma law that interference claims may only be brought by someone who is a stranger to the contract. The court then determined that the claim against Fulton's supervisor could stand because he had acted in bad faith and in so acting made himself an outsider to the contract. On that basis, the appellate court reversed the dismissal of Fulton's supervisor. Nowhere does Fulton state that an interference claim can be brought against the employer. The Oklahoma Supreme Court has clearly stated the limits on an interference claim: "A cause of action for wrongful interference with contract can arise only when one who is not a party to a contract interferes with that contract by convincing one of the contracting parties to breach its terms." Ray v. Am. Nat'l Bank & Trust Co. of Sapulpa, 1994 OK 100, ¶ 15, 894 P.2d 1056, 1060. Because Defendant KPS seeks only to dismiss the interference claim against it, the motion

will be granted. As Plaintiff's claim fails as a matter of law, any attempt to amend the pleading would be futile. Accordingly, the dismissal will be with prejudice.

2. Malicious Wrong

Defendant KPS argues that the claim of malicious wrong also fails as a matter of law. Plaintiff responds, arguing he has pled facts which support the claim. Plaintiff's position is without merit. Whether the facts would support the claim or not, the Tenth Circuit has held that Oklahoma does not recognize the tort of malicious wrong in an employment context. See Merrick v. N. Natural Gas Co., Div. of Enron Corp., 911 F.2d 426, 433 (10th Cir. 1990). Further, the Court of Civil Appeals held, in Fulton, that the tort of malicious wrong was unavailable where the more specific tort of interference with economic relations had been pled. In light of these decisions, the Court finds that Defendant KPS is entitled to dismissal of Plaintiff's claim for malicious wrong. As Plaintiff's claim fails as a matter of law, any attempt to amend the pleading would be futile. Accordingly, the dismissal will be with prejudice.

3. Request to Certify

Plaintiff has filed a Motion to Certify, requesting the Court certify questions to the Oklahoma Supreme Court on the existence of the torts discussed herein. Plaintiff argues that the law is unsettled on the issue and the assistance of the Oklahoma Court on an issue of Oklahoma law would help resolve the dispute. The Court finds certification is not warranted. Although the Oklahoma Supreme Court has not spoken directly on the issues presented

herein, the court decisions relied on are well-supported extensions of controlling Oklahoma law.

For the reasons set forth herein, Defendant Knight Protective Service's Partial Motion to Dismiss (Dkt. No. 19) is GRANTED. Plaintiff's claims for Interference with Economic Relationships and Malicious Wrong as against Defendant KPS are DISMISSED with prejudice. Plaintiff's Motion to Certify Question of Law (Dkt. No. 30) is DENIED.

IT IS SO ORDERED this 5th day of January, 2011.

ROBIN J. CAUTHRON
United States District Judge