IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALPHONSO MYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-10-866-C |
| ) | |
| KNIGHT PROTECTIVE SERVICE, INC., ) | |
| and WILLIAM THOMPSON, an ) | |
| individual, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Following his termination from employment with Defendant Knight Protective Service, Inc. ("Knight"), Plaintiff filed the present action alleging the termination was in violation of various federal and state laws. In addition, Plaintiff asserted torts of interference with economic relationship and malicious wrong. By prior Order, the Court granted in part Defendant Knight's motion to dismiss, finding that Plaintiff had failed to state a claim as to certain of his causes of action.

Defendant William Thompson ("Thompson") individually has now filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss all of the claims brought against him by Plaintiff. In support of his motion, Thompson notes that Plaintiff has asserted a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102 et seq., and Title VII, 42 U.S.C. § 2000e, on the basis of race discrimination. Thompson argues that clear circuit precedent bars individual claims under either Title VII or the ADA. In support, Thompson directs the Court to <u>Haynes v. Williams</u>, 88 F.3d 898,

899 (10th Cir. 1996), where the Tenth Circuit held that individual capacity suits are inappropriate under Title VII as any relief to be granted should be granted against the employer. As for the ADA claim, Thompson directs the Court to <u>Butler v. City of Prairie Village</u>, 172 F.3d 736, 744 (10th Cir. 1999), which held that the ADA precludes a personal capacity suit against an individual who does not otherwise qualify as an employer. As well he should, Plaintiff concedes both of these points, recognizing that clear circuit precedent precludes his ADA and Title VII claims against Thompson.

Thompson also attacks Plaintiff's claim for malicious wrong, noting that the Court in its previous Order had clearly found that Oklahoma does not recognize the tort. Plaintiff again concedes this point and notes that he is not pursuing a malicious wrong claim against Thompson.

Thompson next attacks Plaintiff's attempt to state a claim for wrongful discharge in violation of Oklahoma's public policy, or what is commonly known as a <u>Burk</u> tort.[*] According to Defendant, the Oklahoma Court of Civil Appeals determined in <u>Eapen v. McMillan</u>, 2008 OK CIV APP 95, ¶ 11, 196 P.3d 995, 998, that <u>Burk</u> does not extend to individual liability.

Plaintiff argues that <u>Eapen</u> is not dispositive on the issue for two reasons. First, as Plaintiff correctly notes, it is an opinion from Oklahoma's intermediate appellate court and therefore is not binding on this Court. See <u>Teigen v. Renfrow</u>, 511 F.3d 1072, 1082 (10th

---

[*] <u>Burk v. K-Mart Corp.</u>, 1989 OK 22, 770 P.2d 24.

2

Cir. 2007). Additionally, Plaintiff argues that Eapen and a similar case, Fulton v. People Lease Corp., 2010 OK CIV APP 84, 241 P.3d 255, did not address Burk claims which were brought as disability-based claims. Plaintiff then directs the Court to the Oklahoma statute prohibiting disability discrimination, 25 Okla. Stat. § 1901(A), which states:

> If a charge for discrimination in employment on the basis of handicap is filed under the provisions of Sections 1101 through 1801 of Title 25 of the Oklahoma Statutes . . . the charging party may commence an action for redress against any person who is alleged to have discriminated against the charging party and against any person named as respondent in the charge . . . .

Plaintiff argues that § 1901 creates an opportunity for individual liability in a Burk tort case and therefore his claim should be permitted to survive.

After consideration of the analysis set forth by the Oklahoma appellate court in Fulton and Eapen, the Court finds that Oklahoma would not extend the Burk tort to individual liability even in a discrimination-based suit. As the court determined in Fulton, Oklahoma has repeatedly expressed that the extension of public policy/Burk claims should be strictly construed and that the purpose of the Oklahoma Anti-Discrimination Act is to implement the policies embodied in the several federal statutes including Title VII and the ADA. The Court finds this analysis persuasive and holds that Plaintiff's Burk tort claim against Thompson fails to state a claim for relief as a matter of law.

Thompson next challenges Plaintiff's claim against him for interference with economic relationship. In support of his argument, Thompson directs the Court to Voiles v. Santa Fe Minerals, Inc., 1996 OK 13, 911 P.2d 1205, 1210, noting that it is well-settled under Oklahoma law that one who is acting in a representative capacity for a party cannot

3

be liable for wrongfully interfering with a contract or business relationship unless he is acting outside the scope of his agency or employment. Thompson then argues that Plaintiff has failed to plead facts sufficient to show that he acted in bad faith.

The Court disagrees with Thompson's assertion. Review of the Complaint outlines several allegations Plaintiff raised against Thompson which, if proven, would entitle Plaintiff to relief for an intentional interference claim. Accordingly, this portion of Thompson's motion will be denied.

For the reasons set forth herein, Defendant William Thompson's Motion to Dismiss (Dkt. No. 36) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 16th day of August, 2011.

ROBIN J. CAUTHRON
United States District Judge