IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALPHONSO MYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-10-866-C |
| ) | |
| KNIGHT PROTECTIVE SERVICE, INC., ) | |
| and WILLIAM THOMPSON, an ) | |
| individual, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present lawsuit against Knight Protective Service, Inc. ("KPS") and William Thompson ("Thompson") alleging that they discriminated against him on the basis of his race and disability. Plaintiff brought tort claims against Defendant Thompson. Arguing that the undisputed material facts establish that they are entitled to relief, Defendants KPS and Thompson have filed separate motions for summary judgment.

The following facts are undisputed unless otherwise noted:

Plaintiff was injured while working for the Oklahoma Transportation Authority in May 2005. As a result of that injury, Plaintiff was placed on a permanent restriction of a ten-pound weight limit. That restriction continues through the present. On April 29, 2009, Plaintiff applied for employment with KPS for the position of armed security guard. On May 15, 2009, Plaintiff's medical records reflect that his pain was so severe he might not be able to handle a full-time job. During Plaintiff's pre-employment physical for KPS which

occurred on June 15, 2009, Plaintiff circled "NO" on the question asking whether he had decreased function in his neck or lower back. Plaintiff also checked "NO" to the question of whether he had any problems performing security guard work in the past. Plaintiff has since admitted that those answers were false. Plaintiff was hired by KPS as an armed security guard in June of 2009. On October 9, 2009, Defendant Thompson informed Plaintiff that he could not work any more until he got a second physical. Plaintiff felt the decision to make him take the second physical was racial. However, he admits that no one ever made any comments or jokes about his race nor did anyone act "racial" to Plaintiff. On November 5, 2009, Plaintiff's medical records reflect that his ten-pound weight limit, due to his injuries and surgeries, impacted his ability to sustain employment.

While Plaintiff was off work awaiting the second physical, Defendant Thompson called Plaintiff and said he had work he thought Plaintiff could do. Plaintiff refused the assignment and said he needed to look for another job. On December 16, 2009, Defendant Thompson telephoned Plaintiff and told him that KPS's contract was ending and a new company was taking over. Defendant Thompson advised Plaintiff that the uniforms would be changing and everyone would be turning in their equipment or gear on January 31, 2010, and that everyone would have to requalify with an automatic weapon instead of a revolver. Neither Defendant Thompson nor any of Defendant Thompson's supervisors told Plaintiff he was terminated. In March of 2010, Captain Strider told Plaintiff that Sergeant Thompson told him Plaintiff had quit his job. Captain Strider then told Plaintiff he still had his job as long as he could qualify with the firearm training. Plaintiff declined Captain Strider's offer.

On May 19, 2010, Plaintiff testified under oath at his Social Security disability hearing. Following that hearing, the Social Security Administration determined that Plaintiff was totally disabled from July 11, 2008, through the date of the decision, February 8, 2011. The decision further reflected that Plaintiff could not perform any past relevant work, for example, working as a security guard. Plaintiff is still receiving disability benefits.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).

"The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

**1.    Defendant KPS**

Plaintiff has filed a brief in response to each Defendant's summary judgment motion. However, the Court's review of each brief finds that Plaintiff's response falls well short of the information needed for meaningful consideration of his claims. Although Plaintiff offers a cursory consideration of the facts which Defendants set forward as undisputed, his analysis or application of those facts to the relevant law is non-existent. Indeed, each portion of Plaintiff's response brief concludes with the only factual analysis which is the statement that "[t]he evidence before the Court shows numerous genuine issues of material fact remain regarding Defendant Thompson's actions and underlying motivations for his actions. Summary judgment is not appropriate."[1] (Dkt. No. 76, at 4). Plaintiff then offers a cite to

---

[1] Although Plaintiff references Defendant Thompson's actions, this language is found in his response brief to Defendant KPS. Nowhere in that response brief does Plaintiff reference actions by KPS which would serve a basis for the claims brought against that Defendant. Rather, Plaintiff's focus is solely on the alleged misdeeds of Defendant Thompson.

Exhibit 1 which is the entire deposition of Plaintiff and/or Exhibit 2 which is the deposition of Captain Strider.[2]

### A. Race Discrimination Claim

As KPS notes, Plaintiff has offered no direct evidence of race discrimination. Therefore, the analysis of his claims proceeds under the burden-shifting scheme created by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). To prevail on a case of race and color discrimination under Title VII, Plaintiff must offer evidence that (1) he was a member of a protected class, (2) he suffered an adverse employment, and (3) there was disparate treatment among similarly situated employees. Defendant argues that Plaintiff cannot satisfy the second and third elements.

In setting forth the basis for his claims of discrimination, Plaintiff testified that he "believed" he had been discriminated against based on his race because he did not get hours or because Defendant Thompson told him to take a second physical. Plaintiff offers no concrete evidence of comments, actions, or other incidents which could be attributed to race. Rather, Plaintiff offers the unsupported speculation that certain actions were taken because of race. A plaintiff's unsupported allegations or feelings alone do not establish a genuine issue of material fact on a topic. See Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 530 (10th Cir. 1994); Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 871-73 (1990) (a

---

[2] The Court notes that Plaintiff has offered more specific record citations in his supplemental brief. However, even review of those portions of the record offer no meaningful support for Plaintiff's claims.

nonmovant cannot avoid summary judgment with only conclusory allegations or unsubstantiated assertions). Thus, Plaintiff has failed to demonstrate that he was treated differently than other employees based on his race and has failed to satisfy the third prong of the prima facie case.

Even were the Court to accept Plaintiff's arguments and determine that he had satisfied his prima facie case, Defendant has proffered a legitimate, non-discriminatory reason for his unemployment. That is, that Plaintiff never satisfied the requirements to return to work or, alternatively, that Plaintiff resigned from his employment. Plaintiff has failed to come forward with any evidence from which a reasonable jury could find that that reason was a pretextual basis to cover up the fact that Defendant KPS discriminated against him. Likewise, Plaintiff has failed to offer any evidence to refute his admission that he had resigned or to establish that he was constructively discharged. Accordingly, the Court finds that Defendant is entitled to summary judgment on Plaintiff's race-based claim.

### B. Disability Discrimination Claim

Plaintiff also brings a disability discrimination claim arguing that KPS discriminated against him because it perceived him as disabled. Specifically, Plaintiff argues that he is an individual with a disability and that he passed his training and was medically certified to perform the armed security guard position without any limiting conditions and that he satisfactorily performed his essential job functions without any accommodations and that he did not ask KPS for any accommodation. Indeed, Plaintiff testified during his deposition that he could perform the essential functions of his job without accommodation. In contrast to

this assertion, Plaintiff testified before the Social Security Administration, while represented by an attorney, that he was unable to engage in meaningful employment. As Defendant notes, in order to survive summary judgment, the Plaintiff must adequately explain the patent inconsistencies in previous sworn statements to the Social Security Administration and his claims in this lawsuit. That is, Plaintiff "cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his . . . previous sworn statement." Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999).

Plaintiff offers no response whatsoever to Defendant's arguments and clearly offers no argument or evidence to explain the inconsistencies between his assertions here and his sworn testimony before the Social Security Administration. Accordingly, the Court finds Defendant KPS is entitled to summary judgment on Plaintiff's disability claims.

**C.   Burk Claims**

Plaintiff also sought to bring Burk[3] tort claims for the alleged racial and disability based discrimination. For the reasons noted above, KPS's motion for summary judgment will be granted on those claims.

**2.   Defendant Thompson**

Plaintiff also brings claims against Defendant Thompson. The first claim brought against Defendant Thompson is for interference with economic relationships. Plaintiff argues that Thompson interfered with Plaintiff's economic relationship with Defendant KPS

---

[3] See Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24.

because he did not schedule a second physical examination and because Thompson believed that Plaintiff had quit. The elements for a tortious interference claim are: "1) interference with a business or contractual right; 2) malicious and wrongful interference that is neither justified, privileged, nor excusable; and 3) damage proximately sustained as a result of the interference." Tuffy's, Inc. v. City of Okla. City, 2009 OK 4, ¶ 14, 212 P.3d 1158, 1165. The element of malice has been defined as "an unreasonable and wrongful act done intentionally, without just cause or excuse." Id.

Defendant Thompson also notes that under Oklahoma law one who is acting in a representative capacity for a party cannot be liable for wrongfully interfering with a contract or business relationship with that party unless he is acting outside the scope of his agency or employment. Voiles v. Santa Fe Minerals, Inc., 1996 OK 13, ¶ 18, 911 P.2d 1205, 1210. Further, it requires more than simply exercising poor or bad judgment on the part of the agent/employee to extend such liability. Id.

As he did with his responses to Defendant KPS's summary judgment, Plaintiff offers no meaningful discussion of the facts which demonstrate a dispute.[4] Rather, he simply offers his apparently stock language of "[b]ecause numerous genuine issues of material fact remain

---

[4] The Court finds Plaintiff's attempt to supplement its response to Defendant Thompson's Motion improper. Defendant raised no new argument or law in its Reply brief. Therefore, Plaintiff is not entitled to file additional briefing. See Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1139, n. 13 (10th Cir. 2003). Even were the Court to consider the supplement, the arguments raised therein would not overcome the determination that Defendant Thompson is entitled to judgment in his favor.

regarding Defendant Thompson's actions and underlying motivations for his actions, summary judgment is not appropriate." (Dkt. No. 77, at 7.)

The Court simply finds that no reasonable jury could agree that Defendant Thompson's actions were outside the scope of his responsibilities with Defendant KPS. The circumstances giving rise to the conduct of which Plaintiff complains – the need for a second physical and/or the understanding that Plaintiff had quit his employment with Defendant KPS – are clearly set forth in the evidentiary materials before the Court. There is no evidence from which a reasonable jury could find that Defendant Thompson's actions were taken with an intent to interfere with Plaintiff's employment outside of Defendant Thompson's responsibilities as Plaintiff's supervisor. Indeed, the undisputed material facts before the Court clearly establish that Defendant Thompson noticed Plaintiff in pain and having difficulty performing the required elements of his job. Based on that conduct, Defendant Thompson determined that Plaintiff should receive a second physical. Defendant Thompson notified Plaintiff of that fact and notified the higher-ups in his chain of command of that need. Once those actions took place, the undisputed facts clearly establish that the matter was out of Defendant Thompson's hands. Whether or not the physical was scheduled was a matter for other employees of KPS, not Defendant Thompson.

As for the belief that Plaintiff had quit his job, the undisputed material facts establish that Plaintiff, in fact, informed Defendant Thompson that he would not accept an alternative assignment and that he needed to look for another job. Under these facts, no reasonable jury

could find that Defendant tortiously interfered with the terms of Plaintiff's employment. For these reasons, the Court finds that Defendant Thompson is entitled to summary judgment.

## CONCLUSION

For the reasons set forth herein, Defendant Knight Protective Service, Inc.'s Motion for Summary Judgment (Dkt. No. 57) is GRANTED. Likewise, Defendant William Thompson's Motion for Summary Judgment (Dkt. No. 60) is GRANTED. Plaintiff's Motion for Leave to Supplement Plaintiff's Response in Opposition to Defendant Thompson's Motion for Summary Judgment (Dkt. No. 87) is DENIED. A separate judgment will issue.

IT IS SO ORDERED this 17th day of January, 2012.

ROBIN J. CAUTHRON
United States District Judge